## BARTLE v. PHELPS.

1. **Instruction**: WHEN ERROR TO REFUSE. It is error to refuse an instruction correct in law and based upon a theory of fact sustained by the evidence, when the same legal proposition is not embraced in any other instruction given.

2. **Principal and Agent**: LIABILITY OF AGENT: NEGLIGENCE. An agent is liable for goods shipped to him for sale, upon his order, and which arrived at his place of residence and business, unless he shows their loss occurred without fault or negligence on his part.

*Appeal from Winneshiek Circuit Court.*

. TUESDAY, OCTOBER 6.

ACTION in ordinary by plaintiff, who is a dealer in agricultural implements, to recover of defendant, who was his agent for the sale of such implements at Decorah, the value of one number two Ætna self-rake combined, $200, less fifteen per cent., the commission allowed defendant for the sale. The petition contained also a second count for $37.66, for missing parts of another implement returned. The answer is in general denial, and also sets up a settlement with plaintiff and a receipt for $60 in full of all demands. Trial to a jury; verdict and judgment for defendant. The plaintiff appeals.

*M. P. Hathaway* for appellant.

*Levi Bullis*, for appellee.

. COLE, J.—The evidence tended to show a shipment of a car load of implements, upon the order of plaintiff, by the manufacturers to the defendant, containing twenty-two articles, the implement in controversy being one of them. It also tended to show a settlement between the parties, made in the fall after the shipment, and in which only twenty-one implements were accounted for, but at the close of which the plaintiff gave to defendant a receipt for "sixty dollars in full of all demands to this date." It also tended to show that, by the terms of the agency, the defendant was to ship such

implements as he received from plaintiff to such other agents or persons as the plaintiff should direct; and also that, in the letter advising the defendant of the shipment of the car load to him, the implement in controversy was omitted from the list which the car actually contained, and that, in the same letter, the defendant was directed to ship four of the articles contained in the car load to other persons at two different places; that the value of the machine in controversy is $200, and defendant's commission was fifteen per cent.

The plaintiff asked the court to give to the jury, among others, the following instruction: "2. If you find, from the testimony, that the No. 2 Etna self-rake sued for by plaintiff herein, was not included in the settlement of Nov. 8th, 1870, that said machine was actually received by defendant, under the contract of agency for plaintiff, and that said machine has never been settled for by defendant to plaintiff, then you will find for plaintiff for the value of the machine as proved." The court refused to give this instruction. It seems to us that the court erred in this refusal. The evidence abundantly sustains the theory of fact upon which the instruction is grounded, and we can see no valid objection to the legal conclusion deducted by it. The proposition of law involved in it is fundamental and axiomatic. The same proposition is not clearly embraced in any of the instructions given.

*1. INSTRUCTION: when correct in law.*

II. The court gave this instruction: "3. Under the contract, the defendant was to receive all machines shipped to him; under this agreement, defendant would be liable for a machine shipped him, if it arrived at Decorah, and he had notice thereof. If he did not receive it, or did not have notice thereof, he is not liable." This was objected to at the time, and the giving of it is now assigned as error. In our view, the instruction is, to say the least of it, misleading, and should not have been given. If the machine was shipped to him and arrived there, he is liable for it, unless he shows its loss without negligence or fault on his part.

*2. PRINCIPAL AND AGENT: liability of agent: negligence.*

III. Since the judgment must be reversed for the errors

already considered, it becomes unnecessary to examine the question whether the verdict is contrary to the evidence, or whether the newly discovered evidence was so material as to demand a new trial. It is proper to add that, as we read the evidence, the ninth instruction given, in its peculiar phraseology, is without support in the evidence, and hence misleading; and, upon a re-trial, the giving of the second instruction asked by plaintiff and above considered, and approved, will render it unnecessary to give the second paragraph of the court's charge.

REVERSED.